IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATTHEW KEITH MCBRIDE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-4629-M-BN |
| | § | |
| SHERIFF LUPE VALDEZ, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation:

**Background**

Matthew Keith McBride brings this *pro se* civil rights action alleging that he has been denied access to the courts because officials at the Dallas County Jail have routinely refused to respond to the grievances that he and other inmates have submitted and have denied him access to a law library, and because Sheriff Lupe Valdez has failed to investigate and remedy his grievances. On November 20, 2013, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. *See* Dkt. Nos. 3 & 4. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this

case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 7. The Court then sent written interrogatories to Plaintiff to obtain additional information about the factual basis of this suit. *See* Dkt. No. 6. Plaintiff answered the interrogatories on December 9, 2013. *See* Dkt. No. 8.

Plaintiff asserts that he has filed three grievances alleging civil rights violations at the Dallas County Jail. *See* Dkt. No. 3 at 4; Dkt. No. 8 at Question 1. But he has received no written response that he deems sufficient to exhaust his administrative remedies so that he may pursue a federal civil rights case. *See id.* Plaintiff's entire complaint reads as follows:

> Standard operating procedure is to insure the agency/officials conduct remains within compliance, any conduct outside that procedure would contain basis for a ripe civil rights lawsuit under the Civil Right Act, 42 U.S.C. 1983. Please note that in the filing of such the plaintiff (inmate) has to show he/she has exhausted the institution grievance procedure. I've filed a number of grievances with the Dallas County Sheriff's Office, because of the contents, and allegations these grievances has been discussed with officials but no record of the document has been received or no written reply that is necessary to prove the institution grievance procedure has been exhausted. Regardless of the contents, and allegations procedure/duties has been neglected. Therefore due process of law has been effected. 10.30.2013 internal affairs spoke with me about (1) of the grievances but it was oblivious he was defending officials names in the grievances. The internal affairs deputy did attemped to handle the issues but only

Dkt. No. 3 at 4. By this lawsuit, Plaintiff seeks $25,000 in monetary damages and injunctive relief on behalf of himself and other prisoners. *See* Dkt. No. 8 at Question 2.

The undersigned now concludes that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**Legal Standards**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not

contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

Initially, Plaintiff has failed to state a claim against Sheriff Lupe Valez, the sole defendant named in his complaint. *See* Dkt. No. 3 at 3; Dkt. No. 8 at Question 3. As a supervisory official, Sheriff Valdez cannot be sued for civil rights violations unless she (1) affirmatively participated in acts that caused a constitutional deprivation or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *See Mouille v. City of Live Oak, Tex.,* 977 F.2d 924, 929 (5th Cir. 1992). Plaintiff does not allege any personal involvement by Valdez and has not identified an official policy or custom that resulted in the denial of his constitutional rights. *See* Dkt. No. 8 at Question 5. Instead, he seeks to hold Valdez responsible for ignoring his grievances. *See id.* According to Plaintiff's allegations, Sheriff Valdez "is responsible for the Dallas County Jail operating procedures, and responsible for the investigation process of any/all grievances." *See id.* at Question 3. Sheriff Valdez cannot be held responsible under Section 1983 for the constitutional violations of subordinates or for failing to take corrective action in response to grievances. *See Campbell v. Tyson*, No. 3:13-cv-1003-M-BN, 2013 WL 2094987, at *3 (N.D. Tex. Apr. 23, 2013) (citing *Mitchell v. Valdez,* No.

3:07-cv-0036-B, 2007 WL 1228061, at *2 & n.1 (N.D. Tex. Apr. 25, 2007)), *rec. adopted*, 2013 WL 2097363 (N.D. Tex. May 14, 2013). A failure to respond to a letter or grievance does not rise to the required level of personal involvement for liability. *See Beavers v. Brown*, No. 3:13-cv-1395-B, 2013 WL 6231542, at *6 (N.D. Tex. Dec. 2, 2013) (citing *Amir-Sharif v. Valdez,* No. 3:06-cv-2258-P, 2007 WL 1791266, at *2 (N.D. Tex. June 6, 2007)).

In any case, the United States Court of Appeals for the Fifth Circuit has held that inmates do not have a constitutionally protected interest in having grievances resolved to their satisfaction. *See Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005) ("As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."); *see also Mahogany v. Miller,* 252 F. App'x 593, 595 (5th Cir. 2007) (holding that the plaintiff had no actionable 42 U.S.C. § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances). A prison system is not required to establish grievance procedures, and the failure of a jail or prison to establish or adhere to a grievance procedure does not rise to the level of an actionable claim. *See* 42 U.S.C. § 1997e(b); *see also Bradford v. Kuykendall,* No. 6:04-cv-565, 2005 WL 1521016, at *5 (E.D. Tex. June 24, 2005) (citing *Geiger,* 404 F.3d at 374). Inmates have no basis for a civil rights lawsuit simply because they are unhappy with grievance procedures. *See id.* Regardless, the failure of prison officials to respond to grievances is not necessarily even an impediment to exhaustion. *See, e.g.*, *Powe v. Ennis,* 177 F.3d 393, 394 (5th Cir.

1999) ("A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding thereto has expired.").

Plaintiff also appears to allege that he has been denied access to the courts. The right of access to the courts "is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell,* 418 U.S. 539, 579 (1974). This right is also recognized as one aspect of the First Amendment right to petition the government for grievances. *See California Motor Transp. Co. v. Trucking Unlimited,* 404 U.S. 508, 510 (5th Cir. 1976).

But courts have not extended this right beyond the ability to prepare and transmit necessary legal documents. *See Wolff,* 418 U.S. at 575-76; *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993). And an inmate who is represented by counsel in an ongoing criminal proceeding has no constitutional right of access to a law library in connection with that proceeding. *See Griffin v. Valdez,* No. 3:08-cv-1237-P, 2008 WL 4491052, at *3 (N.D. Tex. Oct. 1, 2008). Because Plaintiff has not alleged that his position as a litigant in a particular case was prejudiced, he has failed to state a claim for denial of access to the courts. *See Degraffenreid v. Cook*, 250 F.3d 740 (table), 2001 WL 274438, at *1 (5th Cir. Feb. 14, 2001) (citing *Walker v. Navarro Cnty. Jail,* 4 F.3d 410, 413 (5th Cir. 1993)).

Finally, Plaintiff may not bring claims on behalf of other prisoners as a *pro se* litigant in federal court. *See Gonzales v. Wyatt,* 157 F.3d 1016, 1021-22 (5th Cir. 1998) (stating that, in federal court, a party can represent himself or be represented by an

attorney but cannot be represented by non-lawyer); *see also Guajardo v. Luna,* 432 F.2d 1324 (5th Cir. 1970) (only licensed lawyers may represent others in federal court).

## Recommendation

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 12, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE